**In the Matter of William H. BENDER.**

**No. 65S00–9603–DI–249.**

Supreme Court of Indiana.

Dec. 30, 1998.

Ronald E. Elberger, Bose McKinney and Evans, Indianapolis, for Respondent.

Donald R. Lundberg, Executive Secretary, Dennis K. McKinney, Staff Attorney, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

The respondent in this attorney disciplinary action has been charged with failing to obtain the consent of a client before initiating a lawsuit on the client's behalf and thereafter engaging in an impermissible conflict of interest in relation to his representation of that client. Pursuant to Ind.Admission and Discipline Rule 23, Section 11(c), the Disciplinary Commission and the respondent have agreed that certain violations of the *Rules of Professional Conduct for Attorneys at Law* occurred and that a public reprimand is an appropriate sanction for that misconduct. The parties' agreement is now before this Court for approval. We note that the respondent's admission to the bar of this state in 1980 confers with us disciplinary jurisdiction in this case.

Pursuant to the tendered agreement, the parties stipulate that in 1993, the respondent represented the interests of a trust (the "trust") that owned a rental property in New Harmony, Indiana. The trust was administered by a Chicago bank (the "trustee"). One of the beneficiaries (the "beneficiary") of the trust contracted to purchase the rental property, but thereafter during a June 1993 inspection discovered that it was damaged. She notified the trust of her discovery. The trust retained the respondent to sue the tenants of the property for the damage. Without obtaining the authorization or consent of the beneficiary, the respondent on June 30, 1993, named her as co-plaintiff in the suit against the tenants, and filed an appearance on her behalf as well as on behalf of the trust. He informed her of his actions by letter dated July 8, 1993. By letter dated August 27, 1993, the beneficiary notified both the trustee and the trust that she objected to his representation of her. She later advised them of her intention to hold them responsible for the cost of restoring the rental property to the condition it was in when she contracted to purchase it. She then retained another attorney to represent her interests, who notified the trustee, the trust and the

respondent of the representation and who advised that the beneficiary would hold the trustee responsible for any failure to properly administer the trust, manage the rental property, and effectuate its transfer. The beneficiary's attorney also reiterated her objection to the respondent's having filed suit on her behalf and representing her interests without her authorization.

In early 1994, the respondent notified the beneficiary's attorney that the trust would not pursue its claim against the tenants and that it would withdraw from the lawsuit or dismiss it with prejudice. He also advised the beneficiary by letter that he could no longer directly communicate with her since she was represented by counsel. On January 19, 1994, the beneficiary sued the trust and the trustee for breach of contract by cross-claim filed in the lawsuit. Pursuant to that claim, on January 31, 1994, the beneficiary's attorney deposed a witness. During the questioning, the respondent was present as attorney for the trust. Thereafter, the beneficiary's attorney notified the respondent that he felt the respondent had a conflict of interest based on his appearance in the case for both the trust and the beneficiary, who now were adversaries in the case. He requested that the respondent withdraw his appearances. Instead of withdrawing, the respondent, as attorney for the trust, filed an answer to the beneficiary's cross-claim. The respondent subsequently filed an objection to an amendment to the cross-claim before finally moving to withdraw as counsel for the beneficiary on September 7, 1994. The next month, the trust moved the court withdraw as a party plaintiff in the case.

Indiana Professional Conduct Rule 1.2(a) provides, in relevant part, that a lawyer shall abide by a client's decisions concerning the objectives of representation and shall consult with the client as to the means by which they are to be pursued. By neither consulting with the beneficiary before filing suit on her behalf or obtaining her permission to file the suit on her behalf, the respondent violated Ind.Professional Conduct Rule 1.2(a).[1] His

actions in filing the suit without her knowledge, consent, or permission violated Prof. Cond.R. 1.4(b) because he failed to explain the matter to her to the extent reasonably necessary to permit her to make informed decisions regarding the representation, as required by the Rule.

Professional Conduct Rule 1.7(a) provides: A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

(1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

(2) each client consents after consultation.

Upon the beneficiary's filing of the cross-claim, the respondent's representation of her as co-plaintiff (along with the trust) in the lawsuit became directly adverse to his representation of the trust. As such, he could not have reasonably believed that his representation of her would not adversely affect his representation of the trust. Furthermore, the beneficiary did not consent to the concurrent representation and, in fact, expressly requested that the respondent withdraw his appearance. As such, we find that he violated Prof.Cond.R. 1.7(a). His failure to promptly withdraw as counsel of record upon the beneficiary's requests also violated Prof. Cond.R. 1.16(a)(3), which provides that a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation if the lawyer is discharged.

In mitigation and in support of the agreed discipline of public admonishment, the respondent and the Commission agree that the respondent believed that the trustee had obtained the consent of the beneficiary for the respondent to file suit on her behalf against the tenants, especially since it was not clear whether the damage to the rental property occurred before or after the beneficiary purchased the property. The trustee later failed to inform the respondent of the beneficiary's August 27, 1993, objection to being repre-

---

1. We note that implied in the parties' stipulation is their recognition that the beneficiary was the respondent's client during the period of his appearance on her behalf, despite her almost immediate objection thereto.

sented by him. The day after the beneficiary's new counsel filed an appearance on January 19, 1994, the respondent prepared a motion to withdraw as her counsel, which he intended to have filed the next day but which due to clerical mistake never was. Upon later learning that the motion had never been filed, the respondent promptly caused a new motion to withdraw to be filed with the court.

Mitigating circumstances aside, the fact remains that the respondent failed to take the time to obtain the consent or approval of the beneficiary before filing suit on her behalf. He later compounded that mistake by not seeing to it that his appearance was promptly withdrawn after the beneficiary expressed strong and repeated objection to his representation of her and after directly adverse positions developed between the beneficiary and the trust. We note that even though the respondent may not have known right away that his initial motion to withdraw had not been filed, he should reasonably have surmised that something was amiss when the beneficiary's counsel requested, shortly after the January 31, 1994, deposition, that the respondent withdraw his appearances in the case. Due to the respondent's neglect and inattention, both as to the initial filing of the lawsuit and his failure to withdraw promptly when it became apparent that was the proper course of action, we find that the respondent should be reprimanded.

It is, therefore, ordered that the respondent, William H. Bender, is reprimanded and admonished *for the misconduct set forth above.*

The clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the clerk.

Costs of this proceeding are assessed against respondent.